1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  SLOAN HEFFRON (CABN 285347)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       Fax: (415) 436-7234
        Sloan.Heffron@usdoj.gov
8
   Attorneys for United States of America
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          OAKLAND DIVISION

13  UNITED STATES OF AMERICA,          )   Case Nos. 25-CR-423-JSW-1
                                       )             22-CR-447-JSW-2
14          Plaintiff,                 )
                                       )
15     v.                              )   STIPULATION AND [PROPOSED] PROTECTIVE
                                       )   ORDER  AS MODIFIED HEREIN
16  HAROLD HOLLIS,                     )
                                       )
17          Defendant.                 )
                                       )

18         With the agreement of the parties, the Court enters the following Protective Order:

19         In case no. 25-CR-423-JSW (the "2025 Case"), the defendant is charged with a violation of 18

20  U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition.  In case no. 22-CR-447-JSW-2

21  (the "Form 12"), the defendant is charged with numerous violations of the conditions of his federal

22  supervised release, including that he committed new violations of law by allegedly engaging in the

23  conduct underlying the sole charge in the 2025 Case.  Due to the overlapping charges, some of the

24  discovery relating to the 2025 Case is also pertinent to the Form 12.

25         The United States has already produced to defense counsel certain documents and other

26  materials pertaining to the defendant and the charged offenses.  However, the government is in

27  possession of additional materials to be produced to the defense.  The discovery to be provided includes

28  documents or other materials falling into one or more of the following categories (collectively,

                                       1

"Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information");

2. Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information. The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with the defendant all discovery material produced by the government, but shall not provide the defendant with copies of, or permit the defendant to make copies of, or have unsupervised access to any discovery material produced by the government that contains Protected Information, unless the Protected Information has first been **entirely redacted** from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that the defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person (*e.g.*, the defendant's own bank records, telephone records, and business records) may be provided to the defendant unredacted.

The Defense Team may show witnesses Protected Information in the course of preparing a

1   defense for trial or any related proceedings in the above-captioned cases, but only if (i) the witness, by

2   reason of their participation in the underlying events or conduct, would have seen or had reason to know

3   such information, or (ii) it is otherwise relevant to the defense of the case(s) that the Defense Team

4   discuss with or show the witness Protected Information.  Witnesses may only view Protected

5   Information in the presence of the Defense Team.  No witness or potential witness may retain copies of

6   discovery material that contains Protected Information after his or her review of those materials with the

7   Defense Team is complete.

8        Defense counsel may also provide unredacted copies of Protected Information to any experts

9   retained to assist with the preparation of the defense in the captioned cases.  All members of the Defense

10  Team and any experts who receive Protected Information under this Order shall be provided a copy of

11  this Order along with those materials and shall sign and date the order reflecting their agreement to be

12  bound by it.

13       The Defense Team shall maintain Protected Information safely and securely, and shall exercise

14  reasonable care in ensuring the confidentiality of those materials by not divulging the contents or

15  permitting anyone to see Protected Information except as set forth in this Protective Order.

16       The materials provided pursuant to this protective order may only be used for the specific

17  purpose of preparing or presenting a defense in connection with the Indictment in case no. 25-CR-423-

18  JSW-1 and/or the supervised release violations alleged in case no. 22-CR-447-JSW-2.

19       This Order shall also apply to any copies made of any materials covered by this Order.

20       **IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected

21  Information subject to this Order, the Protected Information must be filed under seal (accompanied by a

22  request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.**

23       **IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there

24  are no pending proceedings, challenges, appeals, or habeas motions in either case, counsel for the

25  defendant shall either destroy discovery materials containing Protected Information (including any

26  copies) within 30 days if the defendant consents to such destruction, or retain the Protected Information

27  and ensure that the Protected Information will continue being kept under the conditions specified in this

28  Order.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United

1   States is free to destroy documents and materials subject to this Order.  If the defendant is represented

2   by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with

3   the documents and materials subject to this Protective Order under the terms of this Order.

4             This stipulation is without prejudice to either party applying to the Court to modify the terms of

5   any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either

6   party even after the conclusion of district court proceedings in this case.

7

8   **IT IS SO STIPULATED.**                         CRAIG H. MISSAKIAN
                                                       United States Attorney
9

10

11  Dated: January 5, 2026                       _____/s/_____
                                                  SLOAN HEFFRON
12                                                Assistant United States Attorney

13

14                                                _____/s/_____
                                                  MARK GOLDROSEN
15                                                Counsel for Defendant Harold Hollis

16  **IT IS SO ORDERED.**  If the parties file motions to seal, they shall be prepared to file the motion and the
                            proposed order in the public record unless those documents contain sealable
17                          information.

18                                                _____

19  Dated: January 8, 2026                       HONORABLE JEFFREY S. WHITE
                                                  United States District Judge
20

21

22

23

24

25

26

27

28

4

**By signing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:**

| SIGNATURE | DATE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |